J-A09044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WARREN FAHEY | : | |
| | : | |
| Appellant | : | No. 975 WDA 2020 |

Appeal from the Judgment of Sentence Entered April 6, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002453-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WARREN FAHEY | : | |
| | : | |
| Appellant | : | No. 976 WDA 2020 |

Appeal from the Judgment of Sentence Entered April 6, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002780-2019

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: APRIL 14, 2021**

Warren Fahey (Fahey) appeals from the April 6, 2020 judgment of

sentence imposed by the Court of Common Pleas of Erie County (trial court)

_____

[*] Retired Senior Judge assigned to the Superior Court.

following his guilty pleas at separate dockets to carrying a firearm without a license and harassment.[1]  Fahey's counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and a petition for leave to withdraw as counsel.  We grant the petition to withdraw and affirm.

We glean the following facts from the certified record.  On January 29, 2020, Fahey entered an open guilty plea at docket number 2453-2019 to one count of carrying a firearm without a license.  In exchange for his plea, the Commonwealth amended the original count of persons not to possess a firearm to carrying a firearm without a license and withdrew counts of possession of drug paraphernalia and possession of a controlled substance.[2]  As the factual basis for the plea, Fahey admitted that he had possessed a firearm without license on July 6, 2019.  At docket number 2780-2019, he pled guilty to one count of harassment and the Commonwealth withdrew one count of disorderly conduct.[3]  Fahey admitted in that case that he had sent a nude photograph of himself via text message to the victim.  Sentencing was deferred for a presentence investigation report.

_____

[1] 18 Pa.C.S. §§ 6106(a)(1), 2709(a)(4).

[2] 18 Pa.C.S. § 6105(a)(1); 35 P.S. §§ 780-113(a)(32), (16).

[3] 18 Pa.C.S. § 5503(a)(3).

On April 6, 2020, Fahey proceeded to sentencing. Based on his prior record score of 5, the standard range of the sentencing guidelines for the count of carrying a firearm without a license was a minimum of 24 to 30 months of incarceration. The standard range for the count of harassment was restorative sanctions to 6 months of incarceration. Fahey's counsel argued that his high prior record score was based on stale felony convictions from 1991 and 1993 and DUI convictions from 2004 and 2013. Notes of Testimony, 4/6/20, at 5-6. He further argued that Fahey suffered from physical and mental health issues and requested a mitigated-range sentence of intermediate punishment or incarceration in the county jail. *Id.* at 6.

At sentencing, the Commonwealth discussed the factual bases for the charges in more detail. At docket number 2453-2019, it represented that a woman helped Fahey purchase methamphetamine from a third party, who then sold Fahey a bag of broken glass rather than genuine narcotics. *Id.* at 4-5. The woman then called the police when Fahey became angry and brandished a firearm. *Id.* at 9. The police then located the firearm in question inside the house after Fahey fled. *Id.* At docket number 2780-2019, Fahey had advertised his services for lawn mowing on Craigslist and the victim contacted him through the ad. *Id.* When she ultimately decided not to hire Fahey, he responded by sending her numerous nude pictures of himself. *Id.*

In his allocution, Fahey averred that he did not use methamphetamine and that he was trying to start a business and earn money to purchase a Dollar

Tree franchise. *Id.* at 7. He accused the woman at docket number 2453-2019 of lying about his involvement in the drug transaction, stealing his money and "double-cross[ing]" or "backstab[bing]" him. *Id.* at 8.

The trial court stated that it had considered the presentence investigation report and the statements of counsel and Fahey before imposing the sentence. At docket number 2453-2019, the trial court sentenced Fahey in the standard range to 2 to 4 years' incarceration followed by 2 years of probation, with credit for time served. At docket number 2780-2019, the trial court again sentenced Fahey to a standard-range sentence of 1 year of probation to be served consecutively to his sentence at docket number 2453-2019. The trial court further required that Fahey complete a sex offender treatment program. After the trial court imposed the sentence, Fahey orally requested reconsideration of his sentence for the firearm offense and stated that the woman had lied about the incident to police. *Id.* at 11. The trial court declined to modify the sentence.

On April 13, 2020, Fahey filed a timely counseled post-sentence motion requesting reconsideration of his sentences at both dockets. He again argued that Fahey's prior record score was based on stale convictions, as his felony convictions occurred almost 30 years ago and his other convictions were from DUI offenses in 2004 and 2013. He argued that he suffered from bipolar disorder and schizophrenia and had struggled with drug and alcohol use in the past, but that his record showed that he was capable of staying out of the

criminal justice system for years at a time. He also argued that Fahey had accepted responsibility by pleading guilty to the offenses.[4]

The trial court denied the post-sentence motion by an order dated April 17, 2020, and docketed on April 20, 2020. This court quashed Fahey's initial direct appeal as untimely, and the trial court granted his subsequent motion to reinstate his direct appeal rights. Fahey timely appealed[5] and counsel filed a Statement of Intent to File an **Anders**/**McClendon** Brief pursuant to Pa.R.A.P. 1925(c)(4). As a result, the trial court transmitted the record to this court without filing an opinion pursuant to Pa.R.A.P. 1925(a). Counsel has filed an **Anders** brief in this court and an accompanying petition for leave to withdraw as counsel.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa. Super. 2013). Procedurally, counsel must: (1) petition the court for leave to

---

[4] Fahey filed *pro se* post-sentence motions seeking reduction of his sentence at docket number 2453-2019, and a *pro se* motion to withdraw his guilty plea at docket number 2780-2019, in addition to numerous other letters and *pro se* filings during the pendency of his cases. As Fahey was represented by the Erie County Public Defender's Office at all times, these filings were legal nullities. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007).

[5] Fahey filed separate notices of appeal at each docket number and this court consolidated the cases *sua sponte* by order of October 21, 2020.

withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013).

Counsel has complied with these procedural mandates. The application avers that counsel reviewed the entire record and concluded that the instant appeal is wholly frivolous. Counsel attached a copy of the letter he sent to Fahey with a copy of the *Anders* brief and petition to withdraw as counsel. *See Commonwealth v. Woods*, 939 A.2d 896, 900 (Pa. Super. 2007) (noting this court's precedents requiring that counsel attach to their withdrawal petition a copy of the letter sent to the client). The letter informed him that he has the right to hire private counsel or file a *pro se* brief. On February 3, 2021, this court received Fahey's *pro se* response to the brief filed by counsel which raises additional claims for relief.

We now examine the substantive elements of the *Anders* brief. The brief accompanying the petition to withdraw must: (1) provide a summary of the procedural history and facts with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. *See Santiago*,

*supra*, at 361. Counsel's *Anders* brief summarizes the factual and procedural history, identifies one potential issue, and outlines the legal and factual analysis that led counsel to conclude that any appeal would be frivolous. Because counsel has complied with the procedural and substantive requirements of *Anders*, we now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, *supra*, at 355 n.5.

The *Anders* brief identifies one issue arguably supporting an appeal: a challenge to the discretionary aspects of Fahey's sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citation omitted). An appellant must preserve his claims at the time of sentencing or in a post-sentence motion, file a timely notice of appeal, include a statement of reasons for allowance of appeal pursuant to Rule of Appellate Procedure 2119(f) in his brief, and raise a substantial question for review. *Id.* Here, counsel filed a timely post-sentence motion seeking a reduction of the sentence based on mitigating factors, filed a timely notice of appeal, and included a Rule 2119(f) statement in the *Anders* brief. Thus, we consider whether he has raised a substantial question for our review.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1)

inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Clarke*, 70 A.3d 1281, 1286–87 (Pa. Super. 2013) (citation omitted).  Fahey contends that the trial court failed to consider all the required factors in the Sentencing Code when it imposed his standard-range sentence.  We have held that failure to consider the required factors constitutes a substantial question for our review.  *Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (holding that failure to consider rehabilitative needs and mitigating factors raised a substantial question); *see also* 42 Pa.C.S. § 9721(b).

However, our review of the record reveals that this claim is frivolous. We review a challenge to the discretionary aspects of a sentence for an abuse of discretion.  *Commonwealth v. Moury*, 992 A.2d 162, 169 (Pa. Super. 2010) (citation omitted).  When reviewing the discretionary aspects of a sentence that falls within the sentencing guidelines, we must affirm unless "application of the guidelines would be clearly unreasonable."  42 Pa.C.S. § 9781(c)(2).

When imposing a sentence, the court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S. § 9721(b).  "Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the

sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019) (internal quotations & citation omitted).

Here, the trial court imposed sentences at each docket number that are at the bottom of the standard range of the sentencing guidelines. Because the sentences were within the standard range, we presume it was appropriate under the Sentencing Code. *Id.* In addition, the trial court ordered and reviewed a presentence investigation report and weighed the information in that report in crafting the sentences. The trial court also considered argument from counsel, including information about Fahey's mental and physical health issues, and allocution from Fahey in which he attempted to attack and discredit the complaining witness at docket number 2453-2019. Under these circumstances, we assume the trial court weighed all relevant factors under the Sentencing Code and considered mitigating evidence in imposing the sentences at the bottom of the standard range of the guidelines. *Id.* This claim is frivolous.

Moreover, after independently reviewing the record, we conclude that there are no additional non-frivolous issues that may support the appeal. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en*

*banc*) (holding that the **Anders** procedure requires this court to first review the issues raised by counsel and then review the entire record "to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated"). While Fahey's *pro se* response to counsel's **Anders** brief is somewhat convoluted, we discern two additional issues that he seeks to raise on appeal: first, that the firearm at docket number 2453-2019 was a "muzzle loader" and, thus, did not fall under the definition of a "firearm" for the purposes of the Uniform Firearms Act, and second, that trial counsel was ineffective for failing to file a motion to withdraw his guilty plea in that case so that he could proceed to trial and challenge the witness's credibility.

"A plea of guilty forecloses challenges to all matters except the voluntariness of the plea, the jurisdiction of the court, or the legality of the sentence." **Commonwealth v. Stewart**, 867 A.2d 589, 591 (Pa. Super. 2005). Fahey's claim relating to the definition of a "firearm" is a challenge to the sufficiency of the evidence to support his conviction for carrying a firearm without a license. **See** 18 Pa.C.S. § 6102 (defining "firearm" for the purposes of the Uniform Firearms Act); 18 Pa.C.S. § 6118 (stating that the Act does not apply to "antique firearms" and defining that term).[6] Because he pled guilty

_____

[6] To the extent that Fahey is arguing that the firearm in question was an antique, we note that this exemption from the act does not apply to Section 6106, to which Fahey pled guilty. **See** 18 Pa.C.S. § 6118(b).

- 10 -

to this offense, he has waived any challenge to the sufficiency of the evidence to support it. **Stewart**, **supra.** This claim is frivolous.

Fahey's second claim is based on alleged ineffective assistance of counsel for failing to file a motion to withdraw his guilty plea and for failing to challenge the credibility of the witness at docket number 2453-2019. If Fahey wishes to challenge trial counsel's stewardship, such a claim must be brought in a petition pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541 *et seq.*, and is not cognizable on direct appeal. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (holding that ineffective assistance of counsel claims should generally be deferred to collateral review). Additionally, upon our independent review of the record, we have found no other non-frivolous issues that would merit relief.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2021

- 11 -